IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TROY ANTHONY HESS, ) | |
| ) | |
| Petitioner, ) | 4:03cv3318 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| HAROLD W. CLARKE, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, Troy Anthony Hess. Also before the court are the respondent's Amended Answer to the § 2254 petition, and the parties' briefs regarding the petitioner's § 2254 claims. The facts and history of the petitioner's case are set forth in State v. Hess, 622 N.W.2d 891 (Neb. 2001), the decision by the Nebraska Supreme Court affirming denial of the petitioner's first motion for postconviction relief.

The petitioner challenges his conviction in November of 1994, followed by sentencing in January of 1995, in the District Court of Lancaster County, Nebraska, for the offenses of kidnapping, escape, use of a weapon to commit a felony and being a felon in possession of a firearm. After the dismissal of his direct appeal, the petitioner filed two motions for postconviction review. The first resulted in the decision in State v. Hess, 622 N.W.2d 891 (Neb. 2001), and denial of the second was summarily affirmed by the Nebraska Supreme Court.

In this court, the petitioner initially raised four habeas corpus claims (filing no. 19): (1) that he was deprived of his right to a direct appeal from his conviction and sentence; (2) that he received ineffective assistance of appellate counsel on direct appeal; (3) that his appointed stand-by counsel at trial had a conflict of interest; and (4) that the trial judge should not have allowed the trial to proceed despite a conflict of interest resulting from a judicial disqualification complaint filed by the petitioner. However, in his Brief in Support of Amended Petition for Writ of Habeas Corpus (filing no. 36 at 16), the petitioner questions

1

whether he has properly exhausted his third and fourth habeas claims, and he "moves to dismiss without prejudice these particular claims." Again in his Reply Brief (filing no. 40 at 2), the petitioner reiterates that he has withdrawn the claims which were initially identified as his third and fourth habeas claims. Therefore, I will first address the issue of the petitioner's right to a direct appeal and his claim of ineffective assistance of appellate counsel on direct appeal. Both issues were adjudicated on the merits in the state courts. See State v. Hess, 622 N.W.2d 891 (Neb. 2001).

## Habeas Standard of Review

Consideration of the petitioner's first and second habeas claims is circumscribed by 28 U.S.C. § 2254(d) and (e), which limit this court's review of habeas corpus claims adjudicated on the merits in the state courts. Under 28 U.S.C. § 2254(d) and (e)(1), I may decide only if the Nebraska courts unreasonably or incorrectly applied United States Supreme Court precedent or unreasonably determined the facts in light of the record.

28 U.S.C. § 2254(d) states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary. See 28 U.S.C. § 2254(e)(1):

> (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

## Background

Under Nebraska law, a notice of appeal must be filed within 30 days after judgment, and in a criminal case the judgment date is the date on which the defendant is sentenced. State v. Spotted Elk, 420 N.W.2d 707, 711 (Neb. 1988). Accord State v.

McCormick, 518 N.W.2d 133,136 (Neb. 1994). After a jury trial in which he represented himself, the petitioner, proceeding pro se, filed a premature notice of appeal on November 20, 1994, before the imposition of sentence on January 9, 1995.

Then, on January 30, 1995, still within the 30-day period for appeal from the judgment and sentence, the petitioner filed in the district court a motion to proceed in forma pauperis ("IFP") on appeal, a supporting affidavit, and a motion for appointment of counsel. On February 2, 1995, without filing the documents, the Clerk of the Lancaster County District Court returned the petitioner's January 30, 1995 motions and affidavit with a statement that no notice of appeal had been included. On February 6, 1995, the petitioner mailed back the returned papers together with an affidavit of explanation, and he included a copy of his previous premature notice of appeal of November 20, 1994. The Clerk of Court stamped the documents as of February 10, 1995, one day late for the statutory 30-day period for appeal. Also on February 10, 1995, the district court appointed counsel, Miles Johnston, to represent the petitioner on appeal.

On March 22, 1995, the Nebraska Supreme Court served on Miles Johnston by certified mail an Order to Show Cause why the petitioner's appeal should not be dismissed as untimely. Johnston received the Order but failed to respond, and on April 25, 1995, the Nebraska Supreme Court dismissed the petitioner's appeal. The petitioner knew nothing of the Order to Show Cause or the dismissal of his appeal until he contacted the court in June of 1995. Later, Johnston was disbarred for his "longstanding pattern of neglecting matters entrusted to him." State v. Hess, 622 N.W.2d at 897, *citing* State ex rel. NSBA v. Johnston, 558 N.W.2d 53 (Neb. 1997).

### Claim One: Denial of Due Process and Right to Appeal

The petitioner argues that Article I, § 23 of the Nebraska Constitution guarantees the right of direct appeal to all Nebraskans convicted of a felony, and that the state court denied him due process and his appeal of right. The denial of direct appeal occurred when the Clerk of the Lancaster County District Court (a) returned the petitioner's January 30, 1995 appeal papers instead of filing them when received; (b) failed to allow the November 20, 1994 notice of appeal to "relate forward" to the judgment, i.e., failed to treat the premature notice of appeal as filed on or after the entry of judgment once the petitioner had

3

sent in his January 30, 1995 motions and affidavit; and (c) failed to stamp the papers mailed by the petitioner on February 6, 1995 in a timely manner, as mail from one location in Lincoln, Nebraska does not take four days to reach another location in the same city, and thus, the Clerk must have received the papers before February 10, 1995.

On appeal from the denial of the petitioner's first postconviction motion, the Nebraska Supreme Court held that "[t]he appellate jurisdiction of a court is contingent upon timely compliance with constitutional or statutory methods of appeal[,]" and that the November 20, 1994 notice of appeal was "insufficient to confer appellate jurisdiction" under state law. State v. Hess, 622 N.W.2d at 899, 900. Therefore, even if the clerk's office had improperly failed to file the November 20, 1994 notice of appeal, the petitioner could not establish a violation of due process, "because the missing notice of appeal could not have perfected [his] direct appeal in any event." Id. at 900.

As for the papers mailed on February 6, 1995, the Nebraska Supreme Court relied on the presumption of regularity in which, absent sufficient evidence to the contrary, the court presumes that a public official performs his or her duty correctly. "Because the clerk of the district court is required by law to file and endorse the date of filing of all documents filed in the court, the timely filing of such documents is an official act to which the presumption of regularity attaches. The entry of filing by the clerk is the best evidence of the date of filing and is presumed to be correct until the contrary is shown .... Thus, we must presume, in the absence of affirmative evidence to the contrary, that the clerk performed his or her duty and endorsed the notice of appeal with the date it was in fact presented to him or her for filing." Id. at 901.

Neb. Rev. Stat. § 25-1912 sets forth the basic procedural guidelines that must be followed to perfect most appeals to the Nebraska Supreme Court or the Nebraska Court of Appeals. Absent one of the post-trial motions enumerated in § 25-1912(3), a notice of appeal accompanied by the docket fee or a motion to proceed IFP must be filed in the district court within 30 days after the entry of final judgment. If a litigant fails to file the notice of appeal or deposit the docket fee or IFP application within the 30-day period, the appellate court lacks jurisdiction and will dismiss the appeal. "Relation forward" of a premature notice of appeal cannot occur unless a decision or final order has previously

4

been "announced." In re Woltemath, 680 N.W.2d 142,147-48 (Neb. 2004) ("notice of appeal filed after the trial court announced its decision, but before a judgment has been rendered, is effective to confer jurisdiction on the appellate court if the notice of appeal shows on its face that it relates to the decision which has been announced by the trial court and the record shows that a judgment was subsequently rendered in accordance with the decision which was announced and to which the notice of appeal relates"). In the petitioner's case, no judgment (sentence) had been "announced" when he attempted to file his November 20, 1994 notice of appeal, and so the Nebraska Supreme Court ruled that the premature notice of appeal could not attach to the later judgment once the petitioner had been sentenced. State v. Hess, 622 N.W.2d at 900.

The federal courts may accord litigants leniency where state courts do not. However, the federal courts may not force the state courts to do so when, as in this case, such indulgence is not constitutionally mandated. For example, the "prison mailbox rule," is a creature of federal practice. Had the rule applied, the petitioner would have had the benefit of the date he deposited the February 6, 1995 papers in the prison mail system. Regarding the prison mailbox rule as implemented in the federal courts, see generally Sulik v. Taney County, 316 F.3d 813, 815 (8th Cir. 2003):

> In Houston v. Lack, 487 U.S. 266, 270-76 ... (1988), the Supreme Court held a pro se prisoner's notice of appeal should be deemed filed when the prisoner delivers it to the warden for forwarding to the district court. The Court observed that a prisoner cannot control the notice of appeal after it has been delivered to prison officials, the prisoner lacks legal counsel to institute and monitor the process, and the prison authorities have incentive to delay a filing beyond the applicable time limit. Id. at 270-72. The Houston holding was later incorporated into Federal Rule of Appellate Procedure 4(c) .... As written, the Rule applies only to notices of appeal. Id. Nevertheless, we have extended the benefits of the prison mailbox rule to pro se state prisoners who file 28 U.S.C. § 2254 habeas petitions and to pro se federal prisoners who seek similar relief under § 2255 .... In doing so, we concluded the Supreme Court's reasoning in Houston applies with "virtually equal force" in the habeas context. Nichols v. Bowersox, 172 F.3d 1068, 1075 (8th Cir. 1999) (en banc); see Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999).

The prison mailbox rule is not required by the United States Constitution, and Nebraska has rejected a comparable rule for state-court appeals. See, e.g., State v.

5

Parmar, 586 N.W.2d 279 (Neb. 1998):  "This court has long held that the Legislature intended that the filing of the notice of appeal and the depositing of the docket fee in the office of the clerk of the district court are both mandatory and jurisdictional." Id. at 282 (citations and internal quotation marks omitted). "We decline to adopt the 'prisoner delivery rule' and conclude that prisoners acting pro se are subject to the same filing rules as other litigants." Id. at 284.

In addition, the strict adherence by the Nebraska appellate courts to statutory filing requirements, and the refusal to allow a premature notice of appeal to relate forward absent a previously "announced" lower court decision are matters of state law which this court cannot undermine or annul. A federal court may not review a state court's interpretation of its own law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  See also Taylor v. Bowersox, 329 F.3d 963 (8th Cir. 2003), cert. denied, 541 U.S. 947 (2004). "A state's interpretation of its own law is virtually unreviewable by a federal court." Id., 329 F.3d at 968.  Accord Davidson v. Bowersox, 288 F.3d 1076 (8th Cir.), cert. denied, 537 U.S. 925 (2002). "It is not within the prerogative of a federal habeas court to question a state court's interpretation of its state's law...." Id., 288 F.3d at 1078.

As unfair as it may seem to a litigant, the state courts are entitled to insist on strict compliance with state procedural requirements, and this court is compelled to respect state procedural rules.  Unfortunately, important constitutional rights can be forfeited by a litigant's failure, even inadvertently, to adhere to the rules for the presentation of such rights.  See generally Yakus v. United States, 321 U.S. 414, 444 (1944): "No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it."

Thus, the Nebraska Supreme Court's decision rejecting the petitioner's claim of denial of right to appeal and due process was not contrary to, or an unreasonable application of, United States Supreme Court precedent, 28 U.S.C. § 2254(d)(1), or an

6

unreasonable determination of the facts in light of the evidence presented in the State court proceeding, 28 U.S.C. § 2254(d)(2), (e)(1). I must deny the petitioner's first habeas corpus claim.

### Claim Two: Ineffective Assistance of Appellate Counsel

The Due Process and Equal Protection Clauses of the United States Constitution require the courts to afford a criminal appellant pursuing a first appeal as of right the minimum safeguards necessary to make that appeal adequate and effective. Halbert v. Michigan, 125 S.Ct. 2582, 2586-87 (2005); Smith v. Robbins, 528 U.S. 259, 276 (2000); Evitts v. Lucey, 469 U.S. 387, 392 (1985). Although the Federal Constitution imposes on the states no obligation to provide appellate review of criminal convictions, states which offer such appellate review must appoint counsel to represent indigent defendants in their first appeals as of right. Halbert v. Michigan, 125 S.Ct. at 2586-94.

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the United States Supreme Court considered a claim of ineffective assistance of counsel involving an attorney's failure to perfect an appeal. The Supreme Court applied the test articulated in Strickland v. Washington, 466 U.S. 668 (1984), i.e., a defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance caused prejudice to the defendant. Roe v. Flores-Ortega, 528 U.S. at 476-77.

In this case, the element of prejudice is missing. While Miles Johnston's failure to respond to the Nebraska Supreme Court's Order to Show Cause amounted to constitutionally deficient representation, the petitioner has not established that his attorney's deficient performance actually led to the forfeiture of the appeal.

To establish prejudice, a petitioner must affirmatively demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Id. "The result of the proceeding would have been different" ordinarily means, in the context of an appeal, that, but for counsel's unprofessional errors, the petitioner would have prevailed on appeal. Id.

When, however, counsel fails to file the requested appeal at all, a petitioner is

7

relieved of the burden of having to prove the merits of the appeal. Roe v. Flores-Ortega, 528 U.S. at 484. Nevertheless, even though a petitioner is excused from showing the merits of his underlying claims, he must nonetheless establish that it was **counsel** who actually caused the forfeiture of the appeal. Id. Here, because counsel was not appointed until the day after the deadline for perfecting an appeal had already expired, the petitioner cannot make the requisite showing of "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. It is just as likely, if not more so, that even if Johnston had responded to the Order to Show Cause, the Nebraska Supreme Court would not have excused the petitioner's untimely filing of his notice of appeal. State v. Hess, 622 N.W.2d at 903.[1]

If counsel's performance was not deficient or if the petitioner suffered no prejudice, the court need not address the other part of the test. See Williams v. Locke, 403 F.3d 1022, 1025 (8th Cir. 2005) ("we need not ask whether [the] lawyer's performance was deficient if we can clearly determine that no prejudice resulted from [the] lawyer's alleged error"). See also Whitehead v. Dormire, 340 F.3d 532, 537 (8th Cir. 2003) ("a court deciding an ineffective assistance claim need not address both components of the inquiry if the defendant makes an insufficient showing on one"). Accord Siers v. Weber, 259 F.3d 969, 974 (8th Cir. 2001), cert. denied, 534 U.S. 1138 (2002). Although the petitioner has established ineffective assistance of appellate counsel, he must still affirmatively prove prejudice. Because he is not able to do so in this case, I must deny his second habeas corpus claim.

---

[1] If I understand the petitioner's arguments correctly, he also asserts that the district court should have appointed counsel earlier to assist with an appeal. For example, by no later than January 30, 1995, the district court should have granted the petitioner's motion for appointment of counsel and should have appointed counsel to help the petitioner perfect his appeal. Unfortunately, there is no law or rule which requires the appointment of appellate counsel before a notice of appeal has actually been filed, except that an attorney representing a defendant in a criminal case in the trial court has a duty to file a notice of appeal if requested to do so. However, the petitioner did not ask his court-appointed stand-by trial counsel to assist him in perfecting an appeal, and the district court had no obligation to appoint appellate counsel until the docket sheet reflected the filing of a notice of appeal. On February 10, 1995, as soon as the court's records reflected the filing of a notice of appeal, the court did appoint appellate counsel for the petitioner.

**Claims Three and Four**

In his Brief in Support of Amended Petition for Writ of Habeas Corpus (filing no. 36 at 16), the petitioner states that his third and fourth claims "have not been exhausted on direct appeal, and have not been before the Nebraska Appell[ate] court for resolution." Therefore, he moves to dismiss those claims without prejudice. Actually, the petitioner did exhaust his third and fourth claims by presentation of those claims to the Nebraska Supreme Court in his second postconviction proceeding. However, the State moved for summary affirmance, asserting that the claims should be dismissed because of the petitioner's failure to raise them sooner, i.e., on direct appeal or, at the latest, in the petitioner's first postconviction proceeding. Under Nebraska law, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." State v. Lotter, 664 N.W.2d 892, 922 (Neb. 2003); Hall v. State, 646 N.W.2d 572, 579 (Neb. 2002). Generally, a claim must be raised at the earliest opportunity to avoid a subsequent bar. When the Nebraska Supreme Court granted the State's motion for summary affirmance, the court very likely agreed. However, as a summary affirmance involves no explanation or opinion, there can be no certainty as to the court's rationale.

I will grant the petitioner's request to withdraw his third and fourth habeas claims "without prejudice." However, the petitioner is advised that, in reality, he is unlikely to be able to reassert those claims in this court in the future because of 28 U.S.C. § 2244(d), the statute of limitations, a matter which has previously been discussed at length in this case. While the principle of equitable tolling applied to toll the statute of limitations for this case, equitable tolling is unlikely to be invoked successfully again because a federal habeas corpus proceeding does not toll the statute of limitations, Duncan v. Walker, 533 U.S. 167, 172 (2001), and this case has been pending for over two years.

In addition, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), precludes the filing of a subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive petition. 28 U.S.C. § 2244(b). "The new restrictions on successive petitions constitute a modified res judicata rule, a restraint

on what is called in habeas corpus practice 'abuse of the writ.'" Felker v. Turpin, 518 U.S. 651, 664 (1996).  Thus, a petitioner is usually limited to one federal habeas corpus case for each state-court conviction.  With those caveats, I will grant the petitioner's request for a voluntary dismissal of his third and fourth habeas claims without prejudice.

Finally, I understand the petitioner's concern that the respondent, through his attorney, defaulted by failing to respond in a timely fashion to the merits of the petitioner's claims (see my Memorandum and Order of May 15, 2006).  However, even if the respondent had never answered the merits of the petitioner's claims, I have an independent obligation to review the record and apply the law.  The result in this case is a product of the record and the applicable law and would have been the same whether or not the respondent had ever responded appropriately.  The petitioner could not have been released from prison because of a litigation default by counsel for the respondent. Furthermore, I assure the petitioner that the respondent obtained no tactical advantage by his attorney's conduct in this case.

THEREFORE, IT IS ORDERED:

1. That the petitioner's Amended Petition for Writ of Habeas Corpus is denied;

2. That the petitioner's first and second habeas corpus claims are dismissed with prejudice;

3. That the petitioner's third and fourth habeas corpus claims are dismissed without prejudice; and

4. That judgment will be entered accordingly.

June 22, 2006.                           BY THE COURT:

                                         s/ *Richard G. Kopf*
                                         United States District Judge